NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYNQOR, INC.,**
*Plaintiff-Appellee,*

v.

**ARTESYN TECHNOLOGIES, INC. AND ASTEC AMERICA, INC.,**
*Defendants-Appellants,*

AND

**BEL FUSE, INC.,**
*Defendant-Appellant,*

AND

**CHEROKEE INTERNATIONAL CORP. AND LINEAGE POWER CORP.,**
*Defendants-Appellants,*

AND

**DELTA ELECTRONICS, INC., DELTA PRODUCTS CORP., MURATA ELECTRONICS NORTH AMERICA, INC., MURATA MANUFACTURING CO., LTD., MURATA POWER SOLUTIONS, INC., AND POWER-ONE, INC.,**
*Defendants-Appellants.*

---

2011-1191, -1192, -1193, -1194

---

Appeals from the United States District Court for the Eastern District of Texas in case no. 07-CV-0497, Judge T. John Ward.

---

## ON MOTION

---

Before BRYSON, *Circuit Judge.*

### ORDER

Cisco Systems, Inc. moves for leave to intervene in these consolidated appeals and submits a motion for a stay, pending appeal, of the injunction entered by the United States District Court for the Eastern District of Texas. SynQor, Inc. opposes. Cisco replies. SynQor moves for leave to file a surreply.

These motions stem from a patent infringement suit brought by SynQor, Inc. against the defendants. SynQor's complaint alleged that the defendants' bus converter products infringed several of its patents. After the jury rendered a verdict in favor of SynQor, the district court granted SynQor's motion for a permanent injunction. The defendants have appealed the injunction, and this court temporarily stayed the injunction in part pending our review of the defendants' motions for a stay of the junction pending appeal.

Cisco, which was not a named defendant and did not move to intervene in the trial court, now seeks to intervene on appeal and moves to stay the injunction pending appeal. Cisco's motion argues, inter alia, that "because the injunction will adversely, directly, and disproportionately affect Cisco by disrupting its ability to manufacture more than 200 products, Cisco has a substantial interest in the subject matter of the appeal, and its interests are not adequately represented by the supplier appellants."

Cisco was aware that this action was pending and was aware of its interest in the matter but made no effort to intervene in the trial court. Under such circumstances, "[a] court of appeals may, but only in an exceptional case for imperative reasons, permit intervention where none was sought in the district court." *McKenna v. Pan Am. Petroleum Corp.*, 303 F.2d 778, 779 (5th Cir. 1962). Cisco's argument that it is has a substantial interest in the appeal and its simple assertion that its interests will not be adequately represented by the appellants do not meet its burden to obtain permission to intervene on the side of the appellants in these circumstances. The motion to intervene is denied. Because Cisco is not a party to this appeal, its motion to stay the injunction is moot.

Accordingly,

IT IS ORDERED THAT:

(1) Cisco's motion to intervene is denied. Cisco's motion for a stay is moot.

(2) SynQor's motion for leave to file a surreply is denied.

FOR THE COURT

MAR 0 3 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Donald R. Dunner, Esq.
    Constantine L. Trela, Jr., Esq.
    Steven Nelson Williams, Esq.
    Avin P. Sharma, Esq.
    Michael J. Newton, Esq.
    Alan D. Smith, Esq.
    Earl Glenn Thames, Jr., Esq.
    Eric W. Benisek, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 0 3 2011

JAN HORBALY
CLERK

William F. Lee, Esq.

s19